NOT FOR PUBLICATION                                                                                  (Doc. No. 21)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                        :
DARRELL MOORE,                          :
                                        :
       Plaintiff,                       :  Civil No. 09-2284 (RBK/JS)
                                        :
    v.                                  :  **OPINION**
                                        :
JOSEPH CUTTRE, et al.,                  :
                                        :
       Defendants.                      :
_____:

**KUGLER**, United States District Judge:

      This matter arises out of an alleged deprivation of civil rights.  Presently before the Court is the motion brought by Defendants Sergeants Friend and Maschaski and Corrections Officers Hearly, Muhammed, Mulutin, and Yasosky (collectively, "Defendants"), to dismiss Plaintiff Darrell Moore's ("Plaintiff") 42 U.S.C. § 1983 claims for money damages against Defendants in their official capacities.  For the reasons herein expressed, the Court grants Defendants' motion to dismiss.

**I.    BACKGROUND**[1]

      In 2007, Plaintiff was sent to bootcamp.  After a riot at the camp, Plaintiff was transferred to the Bordentown Prison Facility ("Bordentown"), which is run by the New Jersey Department

---

[1] The facts in this section are taken from the Amended Complaint.

of Corrections ("DOC").[2] At the time, two individuals belonging to the gang "the Bloods" were inmates at Bordentown. Plaintiff, a member of "the Crips," had previously fought with these two opposing gang members. Defendants – sergeants and corrections officers employed with the DOC and/or Bordentown – were all aware of the previous altercations. Because of the danger posed to Plaintiff as a "Crip" at Bordentown, and in light of Plaintiff's history with the two "Blood" members, Plaintiff was placed in protective lockup for forty-five days.

On or about October 2, 2007, Defendants informed Plaintiff that he was being released into general population at Bordentown before being transferred back to bootcamp. Plaintiff protested, informing all Defendants that he was a "Crip," was to be in protective custody, and would be harmed if he were released into Bordentown's general population. Despite their knowledge of the risk to Plaintiff's safety, Defendants released Plaintiff into general population. Within three hours of his release into general population, Plaintiff was attacked by eleven "Blood" members, including the two with whom he had previously fought. As a result, Plaintiff suffered extensive and permanent injuries.

On May 13, 2009, Plaintiff filed this civil action against Defendants. On May 20, 2009, the Court ordered Plaintiff to file an amended complaint that complied with Local Civil Rule 8.1. Plaintiff filed his Amended Complaint on May 26, 2009. Plaintiff seeks relief under 42 U.S.C. § 1983 for violation of his Eighth Amendment right to be free from cruel and unusual punishment.

---

[2] Defendants state that they were state officials working at Albert C. Wagner Youth Correctional Facility at all relevant times. This appears to be the official name of the institution that Plaintiff refers to as Bordentown Prison Facility. Albert C. Wagner Youth Correctional Facility is a prison facility operated by the New Jersey Department of Corrections. Because Defendants characterize themselves as state officials and Plaintiff does not challenge this characterization, the Court will treat Defendants as such for the purpose of this Opinion.

Plaintiff claims that, among other things, Defendants were deliberately indifferent to a serious risk of harm to Plaintiff.  Plaintiff also filed a tort claim for intentional infliction of emotional distress, alleging that Defendants committed willful misconduct within the meaning of the New Jersey Tort Claims Act, N.J. Stat. Ann. § 59:1-1 et seq.  Plaintiff seeks punitive damages for the deprivation of his rights, in addition to compensatory damages, costs, expert fees, and reasonable attorney's fees.

## II.     STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted.  With a motion to dismiss, "'courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'"  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).  In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'"  Bell Atlantic Corp v. Twombly, 550 U.S. 544, 570 (2007).

In making this determination, a court must engage in a two part analysis.  Ashcroft v. Iqbal, - - U.S. - - , 129 S. Ct. 1937, 1949-50 (2009); Fowler, 578 F.3d at 210-11.  First, the court must separate factual allegations from legal conclusions.  Iqbal, 129 S. Ct. at 1949.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.  Second, the court must determine whether the factual allegations are sufficient to show that the plaintiff has a "plausible claim for relief."  Id. at 1950.  Determining plausibility is a "context-specific task" that requires the court to "draw on its judicial experience and common

3

sense." Id.  A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible.  See id.

### III.  DISCUSSION

Defendants argue that Plaintiff's claims against Defendants in their official capacities should be dismissed because those claims are barred by the Eleventh Amendment and the Defendants are not "persons" amenable to suit under 42 U.S.C. § 1983.  In response, Plaintiff insists that Defendants' motion should be denied because it is based on the flawed premise that Plaintiff is suing Defendants in their official capacities, when in fact Plaintiff is suing Defendants solely in their individual, or personal, capacities.  Alternatively, should the Court find that Plaintiff's § 1983 claim is brought against Defendants in their official capacities, Plaintiff requests that the Court grant leave to amend the Amended Complaint in order to specify that Plaintiff is bringing suit against Defendants solely in their individual capacities.

#### A.  Scope of Plaintiff's Amended Complaint

The Amended Complaint is ambiguous as to whether Plaintiff is suing Defendants in their official or individual capacities.  In a suit against state officials in their official capacities, a prevailing plaintiff recovers from the state treasury; whereas, in a suit against state officials in their individual capacities, a prevailing plaintiff may recover from the personal assets of the individual defendants.  Melo v. Hafer, 912 F.2d 628, 635 (3d Cir. 1990), aff'd, 502 U.S. 21 (1991).

The Third Circuit has instructed the district courts to look at the complaint and the "course of proceedings" in order to determine whether a plaintiff has sued the defendants in their individual capacities, official capacities, or both.  Id. (citing Kentucky v. Graham, 473 U.S. 159,

167 n.14 (1985)). The courts are to consider several factors. In determining that the plaintiffs in Melo sued the defendant in her individual capacity, the Third Circuit emphasized that the plaintiffs named only the state official, and not the state itself, as a defendant from whom they sought to recover damages. Id. at 636. The Melo Court also pointed out that the defendant raised the defense of qualified immunity, a defense that is only available to government officials when they are sued in their individual capacities. Id. The Third Circuit has also reasoned that a plaintiff's request for punitive and compensatory damages from individual defendants is indicative that the plaintiff intended to sue the defendants in their individual capacities. Gregory v. Chehi, 843 F.2d 111, 119-20 (3d Cir. 1988).[3]

Here, the Amended Complaint does not explicitly state that Plaintiff is suing Defendants in their individual capacities, nor does it explicitly state that Plaintiff is suing Defendants in their official capacities. Despite this ambiguity, a reasonable reading of the Amended Complaint in light of the factors that the Third Circuit enunciated in Melo and Gregory suggests that Plaintiff is suing Defendants in both capacities.

Several factors suggest that Plaintiff is suing Defendants in their individual capacities. As was the case in Melo, Plaintiff here has only sued, and only seeks to recover money damages from, certain state officials. Plaintiff has not named as a defendant the State of New Jersey, nor any of its departments or agencies. Additionally, Plaintiff seeks punitive damages, which cannot

---

[3] The Third Circuit explained: "It is clear, however, that the individual defendants are not sued solely in their official capacities in the federal action. Plaintiff seeks from each of them punitive, as well as compensatory, damages. Punitive damages cannot be recovered from defendants in their official capacities. Thus, resolving doubts in favor of plaintiff, we will assume he is suing the individuals in their [individual] capacities as well." Gregory v. Chehi, 843 F.2d 111, 119-20 (3d Cir. 1988).

5

be recovered from Defendants if they are sued in their official capacities.  As noted, the Third Circuit in <u>Gregory</u> found a similar request for damages to be sufficient in establishing that the plaintiff was suing the defendants in their individual capacities.

Other factors suggest that Plaintiff is suing Defendants in their official capacities. Although Defendants have not claimed qualified immunity in defense to Plaintiff's Amended Complaint, they explicitly request a "partial" dismissal of Plaintiff's claims against Defendants in their official capacities.  Defendants do not suggest that any claims against them in their individual capacities should be dismissed, nor do they suggest that Plaintiff has failed to bring these claims.  Defendants merely request dismissal of Plaintiff's claims to the extent that they can be construed to bring suit against Defendants in their official capacities.  Thus, Defendants clearly read the Amended Complaint as setting forth claims against them in their official capacities.

There is also language in the Amended Complaint that suggests that Plaintiff is suing Defendants in both capacities.  In the Amended Complaint, Plaintiff separately identifies each defendant as "an individual employed with the DOC and/or the Bordentown Prison Facility." Plaintiff also alleges that "Defendants were each individually involved in the . . . deprivation of the Plaintiff's rights."  This Court has previously construed a complaint with similar language as bringing suit against a state official in both his official and individual capacities.  <u>See, e.g.</u>, <u>Trader v. N.J., Div. of State Police</u>, No. 05-4065, 2006 WL 2524172, at *4 (D.N.J. Aug. 29, 2006) (construing complaint as bring suit against state official in official and individual capacity when complaint alleged that "defendant . . . was an individual and an employee of the State").

Accordingly, the Court will construe the Amended Complaint as suing Defendants both

6

in their individual capacities and in their official capacities.

      **B.**      **Defendants' Motion to Dismiss**

The Eleventh Amendment bars suit against these Defendants in their official capacities. The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the kind of relief sought.[4] Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). Absent a waiver of immunity by the state, the Eleventh Amendment precludes federal suits for money damages against state officers sued in their official capacities. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). In this case, Plaintiff seeks money damages against state prison officials. Because nothing in § 1983 abrogates a state's Eleventh Amendment immunity, that immunity bars Plaintiff's claims against Defendants in their official capacities. See Quern v. Jordan, 440 U.S. 332 (1979); see also Rodriguez v. Hayman, No. 08-4239, 2009 WL 4122251, at *4 (D.N.J. Nov. 23, 2009) (granting Eleventh Amendment immunity to employees of Bayside State Prison and New Jersey Department of Corrections); Clayton v. Clement, No. 06-5426, 2007 WL 4260002, at *5 (D.N.J. Nov. 30, 2007) (granting Eleventh Amendment immunity to corrections officers at Bayside State Prison); Grabow v. S. State Corr. Facility, 726 F. Supp. 537, 539 (D.N.J. 1989) (granting Eleventh Amendment immunity to Commissioner of the Department of Corrections).

So too does § 1983 bar Plaintiff's claims against Defendants in their official capacities.

---

    [4] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

Section 1983 provides, in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. A suit against a state official in his official capacity is a suit against his office, and therefore amounts to a suit against the state itself. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). Therefore, neither a state, nor its officials acting in their official capacities, are "persons" subject to suit under § 1983. Id.

For both of these reasons, Plaintiff's claims against Defendants in their official capacities should be dismissed. Dismissal of those claims does not affect Plaintiff's § 1983 claims against Defendants in their individual capacities.[5]

---

[5] Where a defendant is sued in his individual capacity, "the state is not the real party in interest; the suit is therefore not barred by the Eleventh Amendment." Melo v. Hafer, 912 F.2d 628, 635 (3d Cir. 1990), aff'd 502 U.S. 21 (1991). Thus, sovereign immunity does not insulate from liability an officer sued in his individual capacity, and a plaintiff may be entitled to damages against the individual for deprivation of constitutional rights. Sample v. Diecks, 885 F.2d 1099, 1112 (3d Cir. 1989) ("When state officials are sued in their individual capacity, the [E]leventh [A]mendment does not bar damage suits against them for deprivations of federal rights caused by those officials under color of state law."). State officials sued in their individual capacities are "persons" under § 1983. Hanani v. N.J. Dep't of Envtl. Prot., 205 Fed. Appx. 71, 79 (3d Cir. 2006) ("The Eleventh Amendment does not bar such suits, nor are state officers absolutely immune from personal liability under Section 1983 solely by virtue of the 'official' nature of their acts.").

**IV.     CONCLUSION**

For the foregoing reasons, the Court will dismiss with prejudice Plaintiff's § 1983 claims against Defendants in their official capacities.  An appropriate order shall follow.


Date: 6-23-2010                                              /s/ Robert B. Kugler
                                                                         ROBERT B. KUGLER
                                                                         United States District Judge